IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01789-KLM

JOHN DOE,

        Plaintiff,

v.

UNIVERSITY OF COLORADO BOULDER,
THE BOARD OF REGENTS OF THE UNIVERSITY OF COLORADO,
CHRISTINA GONZALES, individually and as agent for University of Colorado Boulder,
ALEXANDRA TRACY-RAMIREZ, individually and as agent for University of Colorado Boulder, and
JESSICA DOTY, individually and as agent for University of Colorado Boulder,

        Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

        This matter is before the Court on the **Motion to Restrict Access Pursuant to D.C.**

**Colo. L. Civ R 7.2 [sic]** [#2][1] (the "Motion to Restrict") and Defendants' **Joint Unopposed**

**Motion for Extension of Time to Respond to Plaintiff's Amended Complaint** [#23]

("Motion to Extend").  Defendants have filed a Response [#18] opposing Plaintiff's Motion

to Restrict, and Plaintiff has filed a Reply [#20].  The Motion to Restrict requests permission

for Plaintiff to proceed in this lawsuit using a pseudonym, and that the Complaint [#3] be

permitted to remain under a Level 1 restriction pursuant to D.C.COLO.LCivR 7.2.

        Under Fed. R. Civ. P. 17(a), "[e]very action shall be prosecuted in the name of the

_____

        [1]  "[#2]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this Order.

real party in interest."  According to the Tenth Circuit Court of Appeals, the "use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules. Indeed it seems contrary to Fed. R. Civ. P. 10(a) which requires the names of all parties to appear in the complaint." *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979).  In fact, a case filed using a pseudonym in place of a party's true name can be dismissed for failure to comply with Fed. R. Civ. P. 10(a), absent permission from the Court to proceed anonymously.  *See, e.g., M.M. v. Zavaras*, 139 F.3d 798, 803-04 (Mar. 17, 1998) (affirming trial court's dismissal).  However, "the Supreme Court has given the practice implicit recognition in the abortion cases . . . with minimal discussion."  *Lindsey*, 592 F.2d at 1125.  Moreover, the Tenth Circuit has stated that "[a] plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).  However, "[t]he risk that a plaintiff may suffer some embarrassment is not enough."  *Id.*  Most of the cases that have allowed the use of pseudonyms "have involved abortion, birth control, and welfare prosecutions involving abandoned or illegitimate children." *Lindsey*, 592 F.2d at 1125.  Therefore, "identifying a plaintiff only by a pseudonym is an unusual procedure, to be allowed only where there is an important privacy interest to be recognized.  It is subject to a decision by the judge as to the need for the cloak of anonymity."  *Id.*

In this case, Plaintiff claims that he was falsely accused of nonconsensual sexual activity with two other students at his university and, as a result, suspended and excluded

from campus.  *Compl.* [#3] ¶¶ 2-3.  Plaintiff argues that if he is not permitted to proceed anonymously, "he will suffer the precise harm that this lawsuit seeks to remedy."  *Motion to Restrict* [#2] at 7.  Specifically, Plaintiff maintains that his interest in proceeding anonymously outweighs the public's interest in his identity because disclosure of his identity would "significantly hinder[] . . . his ability to pursue future career and graduate school prospects," due to the "social stigma associated with being found responsible and expelled for nonconsensual sexual intercourse, regardless of whether the decision is ultimately overturned as a result of this litigation[.]" *Id.*  Thus, he argues that disclosure of his identity could cause him "financial injuries and the loss of educational and career opportunities." *Id.* at 7-8.

Defendant contends that Plaintiff should not be permitted to proceed anonymously because his "articulated reasons for seeking to proceed anonymously do not outweigh the presumption of open judicial proceedings."  *Response* [#18] at 3.  Instead, Defendants argue that Plaintiff has only "alleged that revealing his identity will cause him embarrassment and economic harm," which, according to Defendants, "is not enough to justify proceeding pseudonymously."  *Id.* at 5.

The Court agrees with Plaintiff.  Because this case involves accusations of sexual assault with potentially severe consequences for Plaintiff's reputation and future career, the Court finds that Plaintiff's interest in proceeding under a pseudonym outweighs the presumption of open public access to judicial proceedings.  Indeed, as Plaintiff correctly notes, this Court and numerous other courts have permitted plaintiffs in such actions to proceed anonymously.  *See Doe v. University of Denver*, No. 1:16-cv-00152-PAB-STV, Docket Nos. #2, #5; *Doe v. Univ. of Massachusetts-Amherst*, No. 14-30143, 2015 WL

4306521 (D. Mass. Jul. 28, 2015); *Doe v. Salisbury Univ.*, 107 F. Supp. 3d 481 (D. Md. 2015).   As a result, the Court finds that it is appropriate to allow Plaintiff to proceed anonymously.

The Court also concludes, for the same reasons, that it is appropriate to maintain the Complaint under a Level 1 restriction.  In accordance with D.C.COLO.LCivR 7.2, the Motion to Restrict was publicly posted to allow for any objections to the sealing of the documents.  The only objection to maintaining the Complaint under restriction was filed by Defendants;  no timely objections were filed by the public.   Thus, pursuant to D.C.COLO.LCivR 7.2, the Court finds that the presumption of public access to Court files is outweighed by Plaintiff's interest in privacy, and Plaintiff has shown that a less restrictive alternative is not practicable.

Accordingly, for the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion to Restrict [#2] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court is directed to maintain Plaintiff's Complaint [#3] **UNDER RESTRICTION** at **LEVEL 1**.[2]

IT IS FURTHER **ORDERED** that Defendants' Motion to Extend [#23] is **GRANTED**. Defendants shall respond to Plaintiff's Amended Complaint [#19-1][3] on or before **October 24, 2016.**

---

[2] Level 1, the least restrictive, limits access to the documents to the parties and the Court. *See* D.C.COLO.LCivR 7.2.

[3] Plaintiff has filed a Notice of Filing Amended Complaint pursuant to D.C.COLO.LCivR 15.1(a), but no separate Amended Complaint has been filed with the Court; rather, the Amended Complaint [#19-1] has only been submitted as an attachment to the Notice.  **Plaintiff shall separately file the Amended Complaint on or before October 7, 2016.**

Dated:  October 4, 2016

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge