**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-CV-01789-WJM-SKC

JOHN DOE,

    Plaintiff,

v.

PHILIP DISTEFANO, in his official capacity as
Chancellor of the University of Colorado, Boulder,

    Defendant.

---

**FINAL PRETRIAL ORDER**

---

**1. DATE AND APPEARANCES**

Upon review of the Parties' proposed Final Pretrial Order, this Court vacated the Final Pretrial Conference set for March 29, 2019, and entered this Final Pretrial Order. The Parties are ORDERED to review and follow Judge Martinez's Practice Standards as they relate to the proper form and submission of witness and exhibit lists, and other matters relating to the preparation for, and conduct of, trial and the trial preparation conference. After issuance of this Final Pretrial Order, Judge Martinez will issue an order setting trial dates; there is no need for the Parties to contact his chambers to obtain those dates.

**2.     JURISDICTION**

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the claim for violation of the 14th Amendment is a federal law claim arising under the Constitution of the United States.

This Court has personal jurisdiction over Defendant Philip DiStefano, in his official

capacity as Chancellor of the University of Colorado at Boulder on the grounds that he is an agent of the University of Colorado and was conducting business within the State of Colorado at all relevant times herein.

Venue for this action properly lies in this district pursuant to 28 U.S.C. §1391 because the University of Colorado is considered to reside in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### 3. CLAIMS AND DEFENSES

a. **Plaintiff's Claims:**

Plaintiff brings this action to obtain relief based on a cause of action for violation of the 14th Amendment's Procedural Due Process Clause.

This case arises out of the actions taken and procedures employed by the University of Colorado Boulder throughout Plaintiff's disciplinary case. In the course of such proceedings, the University violated Plaintiff's rights to due process of law by: (a) enforcing a summary suspension, which was effected by Dean Gonzales without prior notice to Plaintiff and without giving Plaintiff an opportunity to be heard concerning the summary suspension; (b) failing to give adequate notice of what Plaintiff was charged with (there was a reason for the paucity of information about the allegations of non-consensual sex: Jane Doe 1 had no recollection of having sex with Plaintiff, and Jane Doe 2 was not cooperating); (c) reaching the responsibility decision, which was effected by Investigator Tracy-Ramirez without any hearing, based on hearsay, without any appeal process and relying upon an improper consolidation of cases; and (d) imposing a sanction decision, which was effected by Jessica Doty, the Director of the Office of Student Conduct Director, without any hearing, based on hearsay, without any appeal process and relying upon an improper consolidation of cases.

To remedy the due process violations and resulting ongoing injury in this case from the

disciplinary expulsion record for sexual misconduct, a recognized form of relief is prospective injunctive relief against state officials in their official capacities. *Ex Parte Young*, 209 U.S. 123 (1908), has been widely recognized to authorize injunctive relief to clear a student's academic record. Such relief should be ordered in this case to vacate the disciplinary decision against Plaintiff and remove the disciplinary decision from the records of CU Boulder.

b. **Defendant's Position:**

The summary suspension is not an issue in this case per the Court's May 5, 2018 Order, Doc. 133, which states as page 11: "The Court has no jurisdiction to resolve whether the University violated Plaintiff's procedural due process rights when its summarily suspended him."

Through three notices of investigation Plaintiff was given notice of his alleged sexual misconduct. He was also given an opportunity to respond to the charges. This included an opportunity to explain his position in writing and/or in person, an opportunity to identify witnesses, and an opportunity to rebut all of the witness statements. He chose to do none of these things – instead he and his attorney issued general denials.

After the investigator, Alexx Tracy-Ramirez, concluded her investigation and issued a report it was reviewed by a Standing Review Committee for error, which found none. The Report was then issued to Plaintiff. The Report found Plaintiff responsible for non-consensual sexual intercourse with Jane Doe 1 and with Jane Doe 2. Plaintiff was then given an opportunity to provide a separate sanctioning officer, Jessica Doty, with any statements in mitigation. Nothing was provided by Plaintiff. Ms. Doty then issued a sanction of expulsion.

The record in this case demonstrates no violation of Plaintiff's due process rights, particularly because he elected not to participate in the process offered, and has stated that he would not have participated in any process for fear of self-incrimination.

## 4. STIPULATIONS

1. Plaintiff was a student at CU Boulder during the events of this case.

2. Defendant Philip Distefano was the Chancellor of CU Boulder at all relevant times herein.

3. CU Boulder is a state university established by Article VIII, Section 5 of the Colorado State Constitution. CU Boulder's Board of Regents was created by Article IX of the Colorado State Constitution.

4. On April 17, 2014, Christina Gonzales, then Dean of Students and Associate Vice Chancellor for Student Affairs, issued Plaintiff a summary suspension.

5. On May 7, 2014, Investigator Tracy-Ramirez issued a Revised Notice of Investigation that updated and replaced the April 21, 2014 Notice of Investigation.

28. On June 10, 2014, Investigator Tracy-Ramirez sent by e-mail to Plaintiff a second Notice of Investigation.

29. On July 24, 2014, Investigator Tracy-Ramirez issued her investigation report.

30. The CU Boulder Standing Review Committee reviewed and approved Investigator Tracy-Ramirez's responsibility finding against Plaintiff.

31. On July 25, 2014, Investigator Tracy-Ramirez sent to Plaintiff the Decision Letter informing Plaintiff that he was found responsible for violating the Student Conduct Code because more likely than not on August 31, 2013, Plaintiff engaged in non-consensual sexual intercourse with Jane Doe 1 and more likely than not on March 8, 2014, Plaintiff engaged in non-consensual sexual intercourse with Jane Doe 2.

32. Plaintiff was further advised in the letter that the next step would be for Jessica Doty, the Director of the Office of Student Conduct, to determine the sanction and that Plaintiff

had the opportunity to discuss with Jessica Doty the factors or circumstances that may impact the decision about sanctions.

33. On August 26, 2014, Jessica Doty, the Director of the Office of Student Conduct, sent to Plaintiff a Sanction Letter informing Plaintiff that after a review of the investigative report and related documentation, Plaintiff was permanently expelled from CU Boulder beginning August 26, 2014 and that Plaintiff was prohibited from having any contact with Jane Doe 1 and Jane Doe 2.

## 5. PENDING MOTIONS

Plaintiff filed a Motion for Summary Judgment on February 11, 2019 (Dkt. 161). Defendant's Opposition is due by March 25, 2019.

## 6. WITNESSES

a. Non-expert witnesses to be called by each party.

    (1) Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A):

        (A) Plaintiff's witnesses:

1. Plaintiff John Doe;
2. Philip DiStefano;
3. Alexandra Tracy Ramirez;
4. Christina Gonzales;
5. Valerie Simons;
6. Jessica Doty;
7. Christopher Pacheco.

        (B) Defendant's Witnesses:

1. Alexx Tracy-Ramirez
   4600 E Washington St. Ste 300

>Phoenix, AZ 85034
>602-714-7172

Ms. Tracy-Ramirez is a former CU Boulder employee. She was the investigator who investigated the claims of sexual misconduct against Plaintiff. Ms. Tracy-Ramirez will testify about her investigation as well as the processes and procedures she followed. She will testify in person.

>2.  Jessica Doty
>    c/o David P. Temple
>    1800 Grant Street, Suite 700
>    Denver, CO 80203

Ms. Doty is a current CU employee. She was the Director of Student Conduct and was the CU employee responsible for sanctioning decisions in sexual misconduct cases in 2014. She made Plaintiff's sanctioning decision of expulsion. She will testify about the information she reviewed, her decision, and CU's process for issuing sanctioning decisions. She will testify in person.

>3.  Valerie Simons
>    c/o David P. Temple
>    1800 Grant Street, Suite 700
>    Denver, CO 80203

Ms. Simons is the Director of the Office of Institutional Equity and Compliance ("OIEC") and the Title IX Coordinator at the University of Colorado of Boulder. She will testify about the University's processes and procedures used by the OIEC including those used for investigating and sanctioning in alleged sexual misconduct cases. She will testify about the training provided to her staff. She will testify in person.

>4.  Christopher Pacheco
>    c/o David P. Temple
>    1800 Grant Street, Suite 700
>    Denver, CO 80203

Mr. Pacheco is a CU Boulder employee and was on the Standing Review Committee

("SRC") that reviewed Plaintiff's case. He will testify about the processes and procedures of the SRC. He will testify in person.

      5.    Plaintiff, John Doe
            c/o Andrew T. Miltenberg
            363 7th Avenue, Fifth Floor
            New York, NY 10001

Plaintiff will testify about his interactions with Jane Doe 1 and Jane Doe 2. He will testify about his involvement with the University's student conduct office and their investigation into the allegations that he sexually assaulted Jane Doe 1 and Jane Doe 2. He will testify in person.

(2) Witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)):

    (A)    Plaintiff's Witnesses:

        1. Jane Roe 1;

        2. Jane Roe 2.

    (B)    Defendant's Witnesses: None.

(3) Witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B): None at this time.

b. Expert witnesses to be called by each party:

(1) Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

    (A)    Plaintiff's Witnesses: None at this time.

    (B)    Defendant's Witnesses: None.

(2) Witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

    (A)    Plaintiff's Witnesses: None at this time.

      (B)      Defendant's Witnesses: None.

(3) Witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony. *See* Fed. R. Civ. P. 26(a)(3)(B):

      (A)      Plaintiff's Witnesses: None at this time.

      (B)      Defendant's Witnesses:

## 7. EXHIBITS

a.    The parties Joint Exhibit List is attached at Tab A.

b.    Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibit are provided.

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

None.

## 10. SETTLEMENT

a.    Counsel for the parties have since the beginning of the case met in good faith to discuss settlement, and will continue to engage in settlement discussions in good faith.

b.    The parties have been promptly informed of all offers of settlement.

c.    At this time, counsel for the parties *do not* intend to hold future settlement conferences.

d.    It appears from the discussion of counsel that there is little possibility of settlement at this time.

e.   Counsel for the parties considered ADR in accordance with D.C.COLO.LCivR.16.6, but at this time have not attended a mediation.

## 11. OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case. There have been no Offers of Judgment submitted in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1. Trial is to the Court.

2. The Plaintiff estimates a five (5) day trial. The University estimates a two (2) day trial.

3. United States District Court for the District of Colorado, 910 19th St., Denver, Colorado.

DATED: March 22, 2019

BY THE COURT:

_____
S. Kato Crews
U.S. Magistrate Judge